IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

GUARANTY BANK AND TRUST COMPANY                                          PLAINTIFF

V.                                                        CIVIL ACTION NO. 4:25-cv-00087-RPC-DAS

WILLIAM E. WHITE, and
MISSISSIPPI EXPRESS LOGISTICS, LLC                                      DEFENDANTS

MEMORANDUM OPINION

Before the Court is Plaintiff, Guaranty Bank and Trust Company's, Amended Motion to Remand to State Court filed on September 19, 2025. [21] / [22]. Defendants William E. White and Mississippi Express Logistics, LLC filed a response in opposition to Plaintiff's Motion on September 29, 2025. [25] / [26].[1] For the reasons stated below, Plaintiff's Renewed Motion to Remand is GRANTED.

I.  **Factual and Procedural Background**

Plaintiff Guaranty Bank and Trust Company (GBT) commenced this action in the Circuit Court of Grenada County, Mississippi, on May 15, 2025. *See* [2] Complaint. The complaint alleges that the Defendants William E. White (White) and Mississippi Express Logistics, LLC (MS Express Logistics) served as personal and commercial guarantors on several defaulted loans for MS Freight Co., Inc. (MS Freight). White is the sole owner of both MS Freight and MS Express Logistics. MS Freight is not a defendant in this action and has filed Chapter 11 Bankruptcy. See

---

[1] The Court previously denied without prejudice Defendants' Motion to Transfer to Bankruptcy Court [5] and Plaintiff's Motion to Remand to State Court [6]. See [7]. Plaintiff subsequently refiled its motion to remand with supporting exhibits and briefing. See [8], [9]. Defendants later refiled their motion to transfer to bankruptcy court. See [15], [16]. After an additional motion to remand was terminated by the Clerk for failure to comply with the Local Rules, see [19], [20], Plaintiff filed an amended motion to remand. See [21], [22]. The parties thereafter fully briefed the amended motion to remand and renewed motion to transfer. *See* [25], [26], [27], [28].

1

*In re MS Freight Co., Inc.,* **Case No. 24-13745-JDW**. Neither White nor MS Express Logistics are debtors in that bankruptcy proceeding or any other bankruptcy proceeding.[2]

Defendants removed the case to this Court on June 18, 2025. [1]. In their Notice of Removal, Defendants asserted that the debtor on the loans, MS Freight, and possibly MS Express Logistics, owed a duty of indemnity to White. Defendants argued that these issues constituted "core proceedings" pursuant to 28 U.S.C. § (b)(2)(A),(B),(F),(K),(M), and (O), and the case was removable under 28 U.S.C. § 1452(a). Alternatively, Defendants argued that this action is a claim or cause of action arising in or related to bankruptcy, thereby granting jurisdiction to the United States District Court and/or the United States Bankruptcy Court pursuant to 28 U.S.C. § 1334(b). GBT filed its Amended Motion to Remand on September 12, 2025. [21], [22].

**II.     Standard**

"Federal courts are courts of limited jurisdiction, and absent jurisdiction conferred by statute, lack the power to adjudicate claims." ***Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998)**. Once a case is removed by a defendant to federal court, a plaintiff may move for remand. 28 U.S.C. § 1447(c). When a motion to remand is filed, the burden is on the removing party to establish that jurisdiction exists in federal court. ***De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995)**. The Fifth Circuit has consistently held that the removal statutes are to be "strictly construed against removal and for remand." ***Eastus v. Blue Bell Creameries, L.P.*, 97 F.3d 100, 106 (5th Cir. 1996)**; ***Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 108-109, 61 S. Ct. 868, 85 L. Ed. 1214 (1941)**. Remand is required "[i]f at any time…it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c).

---

[2] Defendants William White and MS Express Logistics filed a Motion to Intervene for Limited Purpose in the bankruptcy proceeding stating that they were not parties to the bankruptcy. *See In re MS Freight Co., Inc.*, No. 24-13745-JDW (Bankr. N.D. Miss), Dkt. No. 172.

2

**III.     Analysis**

    **A.     Core Jurisdiction**

The threshold issue is whether this Court has jurisdiction over the litigation between GBT, White, and MS Express Logistics. Defendants argue that White's potential indemnification claim against the debtor, MS Freight, constitutes a "core proceeding" pursuant to 28 U.S.C. § 157. If so, the case is properly in federal court. While Section 157 does not define "core proceedings," it provides a non-exhaustive list of examples. Defendants rely upon several of these examples, including: "matters concerning the administration of the estate," "allowance or disallowance of claims against the estate," "proceedings to determine, avoid, or recover preferences," "orders approving the use or lease of property, including the use of cash collateral," and "other proceedings affecting the liquidation of assets of the estate or the adjustment of the debtor-creditor." 28 U.S.C. § 157(b)(2)(A), (B), (F), (K), (M), (O). Plaintiff argues that its claim "is wholly based on state substantive law and in no way arises under bankruptcy nor does it invoke rights created by federal bankruptcy law." [22] at 3.

"In construing § 157(b)(2)…the Fifth Circuit has cautioned against finding that all matters that relate to a bankruptcy proceeding are core proceedings, and has held that a core proceeding is a proceeding that 'invokes a substantive right provided by title 11 or…a proceeding that…could arise only in the context of a bankruptcy case.'" ***Bankplus v. Garner*, 2012 U.S. Dist. LEXIS 188253, at \*11-12 (S.D. Miss. Nov. 19, 2012)** (citing ***Matter of Wood*, 825 F.2d 90, 97 (5th Cir. 1987))**. Pursuant to 28 U.S.C. § 1334, "the district courts shall have original and exclusive jurisdiction of all cases under title 11;" and "the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334(a), (b).

3

This case arises solely from the alleged breach of a promissory note and commercial and personal guaranties. It does not invoke any substantive rights created by the bankruptcy laws. Rather, the action could exist independently of any bankruptcy proceeding and is therefore not a "core proceeding." *Wood*, **825 F.2d at 97.** Plaintiff's claims are purely matters of state law. "A cause of action based upon state law claims can neither arise under nor arise in a case under title 11. It can only be related to the bankruptcy case." ***In re Trimjoist Corp.*, 2013 Bankr. LEXIS 3080, at \*7 (Bankr. N.D. Miss. July 30, 2013)**. While this case may have some effect on the bankruptcy estate and may therefore be related to the bankruptcy proceeding, it is not a core proceeding because "[i]t is simply a state contract action that, had there been no bankruptcy, could have proceeded in state court." *Wood*, **825 F.2d at 97**. For this reason, the Court may retain jurisdiction only if it possesses "non-core" or "related-to" jurisdiction.

B.  **Non-Core Jurisdiction**

Even "[i]f the proceeding does not invoke a substantive right created by the federal bankruptcy law and…is not a core proceeding[,] it may be *related* to the bankruptcy because of its potential effect [on the estate being administered in bankruptcy]." *Wood*, **825 F.2d at 93, 97**; *see also* ***U.S. Brass Corp. v. Travelers Ins. Grp, Inc. (In re U.S. Brass Corp.)*, 301 F.3d 296, 304 (5th Cir. 2002)**. "The Fifth Circuit has read this [related to] jurisdictional grant broadly, stating that the test for whether a proceeding properly involves federal 'related to' jurisdiction is whether the outcome of the proceeding would *conceivably* affect the estate being administered in bankruptcy." ***Farmers & Merchants Bank v. D & G Invs. MS, LLC*, 2024 U.S. Dist. LEXIS 224227, at \*4 (N.D Miss. Dec. 10, 2024)** (quoting *In re KSRP, Ltd.*, **809 F.3d 263, 265 (5th Cir. 2015))**. Defendants argue that "White's indemnity claim against the Debtor is definitely related to the bankruptcy case because the claim could effect [*sic*] plan confirmation and how claims are treated

4

and paid for other creditors." [14] / [26]. Even assuming that the proceeding is sufficiently related to the bankruptcy case to establish jurisdiction, the analysis does not end there.

### C. Mandatory Abstention

Plaintiff argues that this action is a non-core proceeding mandating abstention under 28 U.S.C. § 1334(c)(2). Mandatory abstention requires this Court to abstain from hearing the case and remand it to state court under 28 U.S.C. § 1452(b). Mandatory abstention is required in certain cases, including removed cases, in which all claims are state law claims and the sole basis of bankruptcy jurisdiction is "related-to" jurisdiction. See **In re Southmark Corp., 163 F.3d 925, 929 (5th Cir. 1999)**. Section 1334(c)(2) of title 28 *requires* this Court to abstain in cases where:

> (1) A motion has been timely filed requesting abstention; (2) the cause of action is essentially one that is premised on state law; (3) the proceeding is non-core or related to the bankruptcy case; (4) the proceeding could not otherwise have been commenced in federal court absent the existence of the bankruptcy case; and (5) the proceeding has already been commenced and can be timely adjudicated in a state court forum.

**Walton v. Tower Loan, 338 F. Supp. 2d 691, 698 (N.D. Miss. 2004)** (citing **Blakely v. United Cable Sys., 105 F. Supp. 2d 574, 583 n.9 (S.D. Miss. 2001)**); *see also* **In re Rupp & Bowman Co., 109 F.3d 237, 239 (5th Cir. 1997)**; **In re Gober, 100 F.3d 1195, 1206 (5th Cir. 1996)**.

Thus, where a plaintiff timely requests abstention, "the law gives the court no choice but to abstain from hearing non-core cases premised on state law which could not have been commenced in federal court absent the existence of the bankruptcy case, so long as the case can be timely adjudicated in state court." **Walton, 338 F. Supp. 2d at 698**. Defendants admit that Plaintiff timely filed its motion requesting abstention. [14] at 4. As explained herein, this cause of action is based entirely on state law claims, is a non-core proceeding, and could not have been commenced in federal court absent the existence of the bankruptcy case.

As for the fifth factor – whether the case can be timely adjudicated in state court – the Court finds guidance in its recent decision in *M&W Farms v. UMB Bank, N.A.*, **2023 U.S. Dist. LEXIS 180641 (N.D. Miss. Oct. 5, 2023)**. There, citing *Walton*, the Court observed that it had "no reason to suspect that this case could not be timely adjudicated in state court," and reiterated this Court's view that "the process of removing state law claims based on a plaintiff's prior bankruptcy filing often (if not usually) serves to create more delays that it prevents." *Id.* **at \*9** (citing *Walton,* **338 F. Supp. 2d at 698**). The same reasoning applies here. As in *M&W Farms,* "bankruptcy jurisdiction is asserted based on the bankruptcy filings of [MS Freight], which is not even a party to this action," rendering the asserted jurisdiction even more attenuated in this case. *Id.* **at \*12**. Accordingly, the Court concludes that this action can be timely adjudicated in state court. For these reasons, mandatory abstention applies, and the Court must remand this action to the Circuit Court of Grenada County, Mississippi.

### D. Permissive Abstention

Even if mandatory abstention did not apply, the Court would exercise its discretion to abstain. "Under 28 U.S.C. § 1334(c)(1), this Court has broad discretion to abstain from hearing state law claims when appropriate 'in the interests of justice, or in the interest of comity with State courts or respect for State law, commonly referred to as permissive abstention.'" *In re Trimjoist Corp.*, **2013 Bankr. LEXIS 3080, at \*10 (Bankr. N.D. Miss. July 30, 2013)** (internal citations omitted). Courts considering permissive abstention often evaluate the following nonexclusive factors:

> (1) the effect or lack thereof on the efficient administration of the estate if the Court [abstains];
>
> (2) extent to which state law issues predominate over bankruptcy issues;
>
> (3) difficult or unsettled nature of applicable law;

6

(4) presence of related proceeding commenced in state court or other nonbankruptcy proceeding;

(5) jurisdictional basis, if any, other than § 1334;

(6) degree of relatedness or remoteness of proceeding to main bankruptcy case;

(7) the substance rather than the form of an asserted core proceeding;

(8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court;

(9) the burden of the bankruptcy court's docket;

(10) the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties;

(11) the existence of a right to a jury trial;

(12) the presence in the proceeding of nondebtor parties;

(13) comity; and

(14) the possibility of prejudice to other parties in the action.

*Id.* at *10-11; *Vig v. Indianapolis Life Ins. Co.*, 336 B.R. 279, 285-86 (S.D. Miss. 2005); *Searcy v. Knostman*, 155 B.R. 699, 710 (S.D. Miss. 1993).

The "relevance and importance" of these factors "var[ies] with the particular circumstances of each case, and no one factor is necessarily determinative." *Williams v. Chism*, 164 B.R. 735, 737 (N.D. Miss. 1994) (citation omitted).

Applying these factors, the Court concludes that permissive abstention is appropriate. Only three factors – the third, tenth, and eleventh – do not favor permissive abstention. The third factor concerns whether the state law is so complicated or unsettled that a state court would be in a better position to decide the case. Here, "Mississippi law regarding commercial guaranties is relatively simple and well-settled, and this is the kind of case that both Mississippi State Courts and

7

bankruptcy courts routinely consider." *In re Trimjoist Corp.*, **2013 Bankr. LEXIS 3080, at \*12**. The tenth factor addresses forum shopping, which has not been alleged here. The eleventh factor concerns the loss of any right to trial by jury. Under Mississippi law, a jury trial may be waived by written stipulation of the parties. Miss. R. Civ. P. 38(b). In federal court, a party must demand a jury trial, or the right is waived. Fed. R. Civ. P. 38(b). Because no party has demanded a jury trial in this action, the eleventh factor is neutral.

The remaining factors weigh in favor of permissive abstention. For the first factor, White alleges that the outcome of this case could affect the rights of the creditors involved in the bankruptcy proceeding. However, White's indemnity argument, if applicable, does not create a new liability for the Debtor corporation. The underlying debt already exists because the debtor corporation borrowed the funds from the bank. If White and/or MS Express Logistics are required to pay the bank as guarantors on the loans, that would merely substitute White for the bank as the creditor of the same debt. In other words, the Debtor corporation would still owe the same debt— it would simply be owed to White rather than the bank. Accordingly, the outcome of the guaranty action does not increase the Debtor's total liabilities or create an additional obligation for the Debtor.

As to the second factor, state law issues predominate this guaranty action. For the fourth factor, the lawsuit has already been commenced in state court, and regarding the fifth factor, there is no basis for this Court's jurisdiction outside of 28 U.S.C. § 1334. For the sixth factor, while the lawsuit is sufficiently related to the underlying bankruptcy proceeding of MS Freight, the connection is not strong. "This case, which includes only nondebtor parties, is thus only remotely related to the bankruptcy case." *Vig*, **336 B.R. at 286**. As explained herein, the claims in this suit are not central to the bankruptcy case and not a "core proceeding," so the seventh factor favors

permissive abstention. Similarly, the eighth factor also favor of abstention because no bankruptcy issues are raised that sever the state law claims. The ninth, twelfth, and thirteenth factors also weigh in favor of abstention, as the state court is in a better position to conduct a trial on the merits of the state law claims where the Debtor is not a party. Lastly, no party will be prejudiced by abstention and remand. For these reasons, permissive abstention is warranted.

### IV.     CONCLUSION

For the foregoing reasons, the Court concludes that the action is a non-core proceeding based entirely on state law and that abstention, whether mandatory or permissive, is appropriate. Accordingly, Plaintiff's Amended Motion to Remand [21] is **GRANTED**, and this action shall be **REMANDED** to the Circuit Court of Grenada County, Mississippi.

SO ORDERED, this the 11th day of March, 2026.

*Robert P. Chamberlin*
UNITED STATES DISTRICT JUDGE